# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HAMMEL J. CLARK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-21-833 |
| JAMES DILLS, | * | |
| JENNIFER SCHIFFER, | | |
| J. EMMET BURKE, | * | |
| JUDGE JOHN O. HENNEGAN, | | |
| JUDGE JOHN J. NAGLE, III, | * | |
| MICKEY J. NORMAN, and | | |
| CHIEF ATTORNEY INITIA LETTAU, | * | |
| Defendants. | * | |

***

## MEMORANDUM OPINION AND ORDER

Self-represented Plaintiff Hammel J. Clark, who is currently confined at Jessup Correctional Institution ("JCI"), filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983 along with a Motion for Leave to Proceed In Forma Pauperis. ECF Nos. 1, 2. As Clark appears indigent, the motion shall be granted.

Clark alleges violations of his constitutional rights against Maryland state court judges John O. Hennegan, John J. Nagle, III, and Mickey J. Norman, state prosecutor Jennifer Schiffer, public defenders James Dills and Initia Lettau, and Dr. J. Emmet Burke, who conducted a court-ordered psychological evaluation. Clark further alleges ineffective assistance of counsel as to defendants Dills and Lettau and appears to allege a claim of medical malpractice against Dr. Burke. In his lengthy complaint, Clark describes his dissatisfaction with the manner in which a psychological evaluation was ordered and conducted at the trial phase of his state case.

Specifically, he alleges that the psychological evaluation was "an act of fraud" and used by defendants for the purpose of convicting him. ECF No. 1 at 8. He alleges no concrete facts to support his contention, but rather interprets basic events and proceedings surrounding his case as a conspiracy to ensure his conviction.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the court to conduct an initial screening of this complaint. The court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721 (2020).

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615

(4th Cir. 2009). To state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Clark has named three state court judges, one state prosecutor, and two state public defenders as defendants. As discussed below, each of these defendants is either immune from relief under § 1983 or not state actors, and these defendants shall be dismissed. As to the remaining defendant, Dr. Burke, Clark failed to allege facts sufficient to state a federal claim upon which relief may be granted, and the court declines to exercise jurisdiction over his state law claim; therefore, the claims against Burke shall also be dismissed.

## I. Judicial Defendants

Clark is suing three Maryland state court judges, defendants Hennegan, Nagle, and Norman, for decisions made and actions taken in their capacities as judges. Such causes of action cannot be maintained because they are barred by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988). Judicial immunity shields judges from liability for damages for "acts committed within their judicial jurisdiction." *Imbler v. Pachtman*, 424 U.S. 409, 418 (1976); *see also Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978). Because judicial immunity ensures that judges can perform their functions without harassment or intimidation, it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citation omitted). As the United States Supreme Court has stated:

> Although unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.

3

*Mireles v. Waco*, 502 U.S. 9, 10 (1991) (citation omitted). In enacting § 1983, Congress did not abrogate judicial immunity. *Pierson*, 386 U.S. at 554-555. When deciding whether judicial immunity applies, courts must determine whether the challenged action was "judicial," that is, not performed within the defendant judge's capacity as a private citizen, and whether, at the time the challenged action was taken, the judge had subject matter jurisdiction over the case at hand. *Stump*, 435 U.S. at 356, 360-62.

As described in Clark's complaint, the actions taken by the three Maryland state court judges were clearly judicial in nature. Clark's claim against Judge Nagle arises from rulings made and proceedings conducted in Clark's post-conviction case. ECF No. 1 at 4-5. Judge Norman ordered a psychological evaluation of Clark for purposes of considering a plea of Not Criminally Responsible. *Id*. at 9. Judge Hennegan proceeded over a hearing during which the evaluation was discussed and a plea was entered. *Id*. at 13. All of these functions performed by the Judges named in the complaint are functions "normally performed by a judge." *See Stump*, 435 U.S. at 362. Moreover, Clark has made no plausible allegations that any of the three Judges engaged with him in a non-judicial capacity or acted in excess of his jurisdiction. Accordingly, the claims are barred by judicial immunity and the claims against defendants Nagle, Norman, and Hennegan will be dismissed.

## II. Prosecutor Defendants

Clark is suing Schiffer for actions taken in her capacity as a Maryland State Attorney. Maryland State Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. *See Imbler*, 424 U.S. at 422-23; *see also Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018); *Springmen v.*

4

*Williams*, 122 F.3d 211 (4th Cir. 1997). Thus, the inquiry is whether a prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478, 479 (1991) (citing *Imbler*, 424 U.S. at 422-23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" *Nero*, 890 F.3d at 118 (quoting *Imbler*, 424 U.S. at 430). The Fourth Circuit stated in *Nero*, 890 F.3d at 118: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, *Buckley*, 509 U.S. at 273, decides to seek an arrest warrant, *Kalina*, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, *Burns*, 500 U.S. at 493, and presents evidence at trial, *Imbler*, 424 U.S. at 431."

In determining the applicability of quasi-judicial immunity, courts consider three main criteria: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect against constitutional deprivations." *Howard v. Food Lion Inc.*, 232 F.Supp. 2d 585, 594 (M.D.N.C. 2002) (citing *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999)). Pursuant to *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987), "immunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Id.* (citing *Stump*, 435 U.S. 349). Clark's claim against State Attorney Schiffer centers entirely around her participation in the court proceedings related to his psychological evaluation and plea hearing wherein she served as the prosecutor in his case. ECF No. 1 at 9, 14. He does not claim that she acted in the absence of jurisdiction. Thus, Clark's claim against Schiffer is not cognizable and will be dismissed.[1]

---

[1] Clark repeatedly refers to unnamed "State's Attorneys" in his generalized allegations. In addition, he specifically names Maryland State Attorney Francis Pilarski in reference to his post-conviction proceedings. However, he does not list Pilarski as a defendant, nor does he allege that Pilarski acted to violate his rights. To the extent that Mr. Pilarski or any other state's attorneys otherwise referenced in Clark's complaint are intended defendants, they would enjoy the

### III. Public Defender Defendants

Clark is suing public defenders Dills and Lettau for actions they took in representing him at both the trial and post-conviction phases of his state court case. An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender). *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy).

Clark's allegations against Dills and Lettau are directly related to their representation of him in criminal proceedings. Lettau was the Chief Attorney for the Post-Conviction Division during the relevant time period. After being assigned two other public defenders for his post-conviction case, Lettau ultimately represented Clark at his post-conviction hearing. ECF No. 1 at 3-5. Dills represented Clark at the trial level, including in the proceedings wherein the psychological evaluation was discussed and his plea was entered. *Id.* at 6, 13. Lettau and Dills, Clark's public defenders, are not state actors or subject to suit under § 1983.

Clark additionally alleges that Dills and Lettau conspired with the judges, prosecutors, and/or defendant Burke to violate his rights, but he does not offer any facts in support of his claim.

---

same immunity as State Attorney Schiffer. *See* ECF No. 1 at 5.

Generally, he alleges that the public defenders, prosecutors, judges, and/or Burke conspired together to manufacture a fraudulent psychological evaluation to convince him to enter a guilty plea and ensure that his post-conviction challenge was unsuccessful. To support his allegations, Clark outlines events that occurred during his state course case, none of which are out of the ordinary. He interprets those routine events as a conspiracy, based only on assumptions and inferences. Such bald assertions of conspiracy, without more, cannot stand. As such, his § 1983 action against public defenders Dills and Lettau must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2) (2018).[2]

Clark also alleges ineffective assistance of counsel against his public defenders, Dills and Lettau, and asks that his criminal conviction be vacated.[3] Such relief is not available under a § 1983 action. The proper means of challenging a state conviction on the basis of ineffective assistance of counsel is by way of a petition for habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk will be directed to send Clark a § 2254 forms packet that he may use to file a petition.

## IV. Defendant Burke

Clark alleges that defendant Burke actively participated in a conspiracy against him by writing and submitting a false psychological report to ensure his criminal conviction. He focuses his allegations of conspiracy on the fact that Burke was not employed by the Maryland Department of Public Safety and Correctional Services, but instead was a privately employed clinical psychologist. ECF No. 1 at 7 - 8. The status of Burke's employment does not lend any credence to Clark's allegation of conspiracy. Additionally, Clark outlines how Burke and Dills forged

---

[2] Clark mentions public defenders Gabriel Ellenberger, Scott Whitney, and Paul B. DeWolfe in his complaint, but does not name them as defendants or make any direct allegations against them, with the small exception of Whitney whom he accuses of lying in a letter sent to him. ECF No. 1 at 4. To the extent that they were intended defendants, they are likewise not amenable to suit under § 1983 as their alleged actions were taken in the course of their representation of Clark as public defenders.

[3] The complaint mentions legal malpractice but is unclear if such a claim is intended. ECF No. 1 at 5. Any legal malpractice claim must be addressed in state court, and the dismissal of any such claim is without prejudice.

paperwork and manufactured a document but offers no evidence of his theory. *Id*. at 7. The complaint does not allege any further significant facts to support Clark's claims of conspiracy. Elsewhere in the complaint, Clark implies that Burke may have been an unknowing participant in the conspiracy, used by other conspirators who set him up to do a "botched evaluation" in order to achieve their goal of convicting him. *Id*. at 9, 15. Either way, Clark has not alleged sufficient facts to support a § 1983 claim that Burke violated his constitutional rights.

Without specifically alleging a state law medical malpractice against Burke, Clark alleges facts that may be interpreted as such a claim, including that the brief psychological evaluation was conducted in the public visitation area of the prison and that Burke did not acquire pertinent records prior to the evaluation. ECF No. 8, 16. While the court may accept jurisdiction over state law claims, "[g]enerally, when a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966); see also *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ('[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims.')" *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018). *See also* 28 U.S.C. § 1367(c)(3). Without a cognizable federal claim against Burke, any pendent state claim for medical malpractice is also dismissed.

Clark is advised that under 28 U.S.C. § 1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that

8

it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (June 8, 2020) (holding that regardless of whether the dismissal is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit for failure to state a claim counts as a strike under the PLRA's three strikes rule).

Accordingly, it is this 29th day of June, 2021, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed In Forma Pauperis, ECF No. 2 is GRANTED;
2. Plaintiff's state law claims against Defendant J. Emmet Burke are dismissed without prejudice;
3. All remaining claims are dismissed with prejudice for failure to state a claim;
4. The Clerk IS DIRECTED to MAIL to Plaintiff a copy of this Order and a § 2254 forms packet; and
5. The Clerk IS FURTHER DIRECTED to CLOSE this case.

/s/
GEORGE J. HAZEL
United States District Judge